IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

JAMES FISHBURNE, )   C. A. No. 2:04-22231-RBH-RSC
                )
        Plaintiff, )
                )
    -versus-    )   **REPORT AND RECOMMENDATION**
                )
JO ANNE B. BARNHART, )
Commissioner of Social )
Security,       )
                )
        Defendant. )

This matter is before the court on a petition for approval of attorney's fees submitted by plaintiff's counsel, Beatrice E. Whitten. The record indicates that in March, 2002, plaintiff filed an application for disability insurance benefits, which was denied by the Social Security Administration, both initially and upon reconsideration. A hearing, requested by plaintiff under 42 U.S.C. § 405(b), resulted in an adverse determination. That determination became the final decision of the Commissioner of Social Security when it was upheld by the Appeals Council. Plaintiff sought judicial review of this decision pursuant to 42 U.S.C. § 405(g). On April 25, 2005, this court reversed the Commissioner's decision and remanded the case to the administrative law judge (ALJ) under sentence four of 42 U.S.C. § 405(g).

Subsequently, the plaintiff sought fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(a),(d), (EAJA). The plaintiff's attorney was awarded the sum of $3,3044.43, representing 4.7 hours of work at $150.41 per hour for

the attorneys fees and 27.5 hours at the rate of $85.00 an hour for paralegal fees. The instant petition for approval of attorney's fees under the provisions of the Social Security Act, 42 U.S.C. § 406(b)(1)(A) (406(b) fees) was filed on May 17, 2005. The Commissioner filed a response on May 31, 2005, registering no opposition to the award of the fees sought provided that the smaller of the EAJA and 406(b) fees be refunded to the plaintiff.

Section 406(b)(1)(A) of the Social Security Act provides that:

> Whenever a court renders a favorable judgment to a claimant ... who was represented before the court by an attorney, the court may ... allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total past-due benefits to which the claimant is entitled ... In case of any such judgment, no other fee may be payable ... for such representation except as provided in this paragraph.

An award of fees under both the EAJA and Section 406(b)(1)(A) has been held not to amount to double recovery for the attorney. Russell v. Sullivan, 930 F.2d 1443, 146 (9th Cir. 1991). The award under Section 406(b)(1)(A) "merely allows the claimant's attorney to collect his or her fee out of the claimant's past-due disability benefits, while the EAJA award is paid by the government to the claimant to defray the cost of legal services." Id. The dual fee awards are proper as long as the attorney gives the smaller of the two awards to his to compensate her for litigation costs. Id. The claimant is then responsible for paying her attorney the difference between the two awards, if any additional fees are due.

2

In the case at bar, the Commissioner has withheld three thousand forty-four dollars and forty-three cents ($3,044.43) from past due benefits for attorney's fees. In his petition sub judice, petitioner avers that he represented plaintiff in the judicial proceedings which, as noted, culminated in disability payments to plaintiff. Petitioner asks this court to approve an attorney's fee in the sum of three thousand forty-four dollars and forty-three cents ($3,044.43) for services rendered before the court. The Commissioner does not object to the amount claimed.

In Morris v. Social Security Administration, 689 F.2d 495 (4th Cir. 1982), the Fourth Circuit Court of Appeals addressed the issue of attorney's fees:

> Subsection (a) of 42 U.S.C. § 406 authorizes the Secretary to certify a maximum of twenty-five per cent of a claimant's past due benefits as fees or the attorney who successfully represents the claimant in the agency proceedings. Similarly, subsection (b)(1) authorizes the court to allow up to twenty-five per cent of a claimant's past-due benefits as fees the attorney who successfully represents his client before the court. The district court, however, is to award attorney's fees pursuant to section 406(b)(1) without considering any services the attorney may have performed before the Secretary. Whitt v. Califano, 601 F.2d 160, 161-62 (4th Cir. 1979). The Secretary alone is empowered to make awards for services rendered in agency proceedings. Id. at 162. Nonetheless, an attorney's entitlement to fees for court services is not eliminated when the court does no more than remand the case to the Secretary, as in the instant case. See Conner v. Gardner, 381 F.2d 497, 500 (4th Cir. 1967).
>
> While the district court may not consider services rendered in administrative proceedings in

3

> its determination of a reasonable attorney's fee under subsection (b)(1), the legislative history of section 406 convinces us that the court must take into account any fees fixed by the Secretary.

Morris, 689 F.2d at 496-97.

This court has thoroughly reviewed the record in the instant action. Petitioner's brief and oral arguments competently advanced correct legal and factual points which persuaded this court that substantial evidence did not support the decision of the Commissioner. In addition, the petition for approval of attorney's fees contains detailed records of the time plaintiff's counsel expended in the proceedings here involved. When counsel competently represents a plaintiff in this type of action, when such competency is manifest from the record as a whole, this court is of the opinion that counsel should be awarded a reasonable fee. The court, having reviewed the record, the time expended in the judicial proceedings, the maximum amount allowable under 42 U.S.C. § 406, and the factors articulated in Barber v. Kimbrell's, Inc., 577 F.2d 216 (4th Cir. 1978), concludes that three thousand forty-four dollars and forty-three cents ($3,044.43) is a reasonable and just fee to be paid to claimant's counsel for his services before the court.

Therefore, it is recommended that the Secretary remit the amount of three thousand forty-four dollars and forty-three cents ($3,044.43) dollars to petitioner for his services in this case.

It is further recommended that in no event shall the combined

4

fee awarded counsel for his services before the Social Security Administration and the court exceed twenty-five per cent of claimant's past-due benefits.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

July 11, 2005